UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CAROL B. TODD,**          ]
                            ]
   Plaintiff,          ]
                            ]
   vs.                 ]   CV 07-J-1775-M
                            ]
**MICHAEL J. ASTRUE,**      ]
**Commissioner of the Social**  ]
**Security Administration**, ]
                            ]
   Defendant.

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.  All administrative remedies have been exhausted.

The plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income due to injuries to her right hand as a result of a December 27, 2004, car wreck (R. 39-41, 54, 163-165).  The plaintiff has severe limitations in the use of this hand as a result of the injuries she received (R. 191-192, 196-197).  The plaintiff alleges no other limitations.  Her applications were denied initially (R. 22-26, 167-173) and again by an Administrative Law Judge on May 7, 2007 (R. 12-19).  The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 3-6).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal

standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that this case should be remanded for a new hearing so that she may be represented by counsel. The record reflects that the ALJ told the plaintiff she could have counsel, that the hearing would be reset, that it would not cost her anything if she lost, and that he would not hold it against her (R. 191-200). The plaintiff responded, "Yes, sir, I thought about that, but I didn't think I really needed one" (R. 191). The plaintiff then stated she wanted to continue with the hearing (R. 191). At the conclusion of the hearing the ALJ told her he needed more evidence on the ongoing effects of her injury and that there was no current information in the record (R. 199-203). Plaintiff's brief recognizes "that the ALJ took great pains to explain to Ms. Todd that she had the right to retain either an attorney or a non-attorney..." and that the plaintiff wanted to proceed without an attorney. Plaintiff's brief at 4. The plaintiff further recognizes that she knowingly decided that she wanted to proceed without an attorney. Plaintiff's brief at 5.

The defendant notes that the duty of the Commissioner is to develop a full and fair record regardless of whether a claimant is represented by counsel. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir.1990). The plaintiff argues that she was prejudiced by the lack of an attorney because the ALJ did not order a consultative evaluation or assess the plaintiff's pain, thus failing in his duty to fully develop the record. A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir.1997), citing *Brown v.*

*Shalala*, 44 F.3d 931, 934 (11th Cir.1995), citing *Smith v. Schweiker*, 677 F.2d 826 (11th Cir.1982) and 42 U.S.C. § 406. Here, the plaintiff knowingly and intentionally waived those rights. The court finds no basis for reversal or remand on this ground.

Given the posture of the evidence, the court also finds no error in the ALJ not sending the plaintiff for a consultative evaluation. Nothing disputed plaintiff's allegation of her limitations from her right hand, and the ALJ found that the plaintiff does have limitations from her hand injury (R. 17). The ALJ further accepted the conclusions of the functional capacity evaluation performed September 13, 2005, (R. 150-161) and gave significant weight to the opinions of Dr. Pound and Dr. Rivard (R. 17, 141-143, 162).

Similarly, the court finds that the ALJ's failure to explore the plaintiff's pain from her injury was not against the substantial weight of the evidence. The ALJ stated "the claimant did not allege during the hearing that she suffered from chronic pain and the medical evidence of record does not show that she ever sought persistent pain management[1] (R. 17). The ALJ also did not err in failing to ask the plaintiff about her ability to do "basic things around the house" as plaintiff argues. Plaintiff's brief at 9. The ALJ had obviously looked at the physical activities questionnaire completed by her and her husband (R. 63-68) as he commented on her signature and her husband's handwriting (R. 192-193). During the hearing, the plaintiff testified "I have to do everything with my left hand now (R. 192), that "my left arm is fine" (R. 195), that "brushing my teeth or anything with my left is a chore" (R. 195)

---

[1] The first and only mention of severe and constant pain in the record is in the statement of May 16, 2007, nine days after the ALJ issued his opinion, wherein the plaintiff asked for another hearing so that she could have a lawyer (R. 177). That statement was prepared by an attorney's secretary (R. 177). Prior to that time, the plaintiff reported in September 2005 that her hand hurt when it rained and that she had "an occasional pins and needles painful sensation when exposed to air conditioning" (R. 141).

The evidence establishes that the ALJ credited the plaintiff's statements of her limitations, but found that even with the extremely limited use of her right hand, a significant number of sedentary jobs which do not require fine dexterity of the right hand or more than occasional lifting of up to ten pounds with the dominant hand (R. 17). Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 17th day of April, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE